UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO. 9:21-CV-81109-DMM

9 KINGS HONG KONG LIMITED,

    Plaintiff,

vs.

BEYOND MASKS, LLC,
SCHIMEON A. FREDERICK, JR., AND
JASON MAY,

    Defendants.

**DEFENDANT'S, JASON MAY'S, ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, JASON MAY ("MAY"), pursuant to Federal Rules of Civil Procedure 8(b) and 8(c), files his Answer and Affirmative Defenses to the Complaint filed by Plaintiff, 9 KINGS HONG KONG LIMITED ("9 KINGS"), and states as follows:

**ANSWER**

1. The Defendant admits that this action arises under New York common law and the New York UCC, but denies the remaining allegations in said paragraph.

2. The Defendant lacks knowledge or information sufficient to form a belief about the Plaintiff's allegations in paragraph 2 of the Complaint.

3. Admitted.

4. The Defendant lacks knowledge or information sufficient to form a belief about the Plaintiff's allegations in paragraph 4 of the Complaint.

5. The Defendant admits that the Plaintiff was represented by Nicholas Matfus, among others.

1

6. Admitted.

7. The Defendant denies that FREDERICK made certain fraudulent representations, but admits the remaining allegations in paragraph 7 of the Complaint.

8. The Defendant denies that he made certain fraudulent representations, but admits the remaining allegations in paragraph 8 of the Complaint.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted (based on what MAY was advised by third parties).

14. Denied.

15. Admitted (based on what MAY was advised by third parties).

16. Admitted (based on what MAY was advised by third parties).

17. Denied.

18. Admitted.

19. Admitted.

20. Denied.

21. The Defendant lacks knowledge or information sufficient to form a belief about the Plaintiff's allegations in paragraph 21 of the Complaint.

22. Admitted.

23. Admitted (based upon what MAY was advised by third parties).

24. Admitted (based upon what MAY was advised by third parties).

25. The Defendant lacks knowledge or information sufficient to form a belief about the Plaintiff's allegations in paragraph 25 of the Complaint.

26. Admitted (based upon what MAY was advised by third parties).

27. Denied.

28. Admitted (based upon what MAY was advised by third parties).

29. Denied.

30. Admitted (based upon what MAY was advised by third parties).

31. Admitted (based upon what MAY was advised by third parties).

32. Denied.

33. Admitted (based upon what MAY was advised by third parties).

34. Admitted (based upon what MAY was advised by third parties).

35. Admitted.

36. Admitted.

37. Admitted (based upon what MAY was advised by third parties).

38. The Defendant lacks knowledge or information sufficient to form a belief about the Plaintiff's allegations in paragraph 38 of the Complaint.

39. Admitted that BEYOND MASKS did not return the Plaintiff's deposit. Denied as to the remaining allegations in paragraph 39.

40. Admitted (based upon what FREDERICK was advised by third parties).

41. Denied.

42. Admitted. However, BEYOND MASKS' financial inability to return the subject deposit was due to the misrepresentations and breaches of third parties.

43. Admitted.

44. Admitted.
45. Inadmissible settlement negotiations.
46. Inadmissible settlement negotiations.
47. Inadmissible settlement negotiations.
48. Inadmissible settlement negotiations.
49. Inadmissible settlement negotiations.
50. Inadmissible settlement negotiations.
51. Denied.
52. Admitted.
53. Admitted.
54. Inadmissible settlement negotiations.
55. Inadmissible settlement negotiations.
56. Inadmissible settlement negotiations.
57. Denied.
58. Admitted.
59. Admitted.
60. Admitted.
61. Admitted.
62. Admitted.
63. Admitted.
64. Admitted.
65. Admitted.
66. Admitted.

67. Denied.

68. No response required.

69. Admitted.

70. Admitted.

71. Admitted.

72. Denied.

73. Denied.

74. No response required.

75. Admitted.

76. Denied.

77. Objection. Legal conclusion.

78. Objection. Legal conclusion.

79. No response required.

80. Admitted.

81. Admitted.

82. Admitted.

83. Objection. Legal conclusion.

84. Objection. Legal conclusion.

85. Denied.

86. Denied.

87. No response required.

88. Denied.

89. Denied.

90. Admitted.

91. Admitted (based on what FREDERICK and MAY were advised by third parties).

92. Denied.

93. Denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### WAIVER AND ESTOPPEL

Plaintiff has waived its right to recover consequential damages, including lost profits, from BEYOND MASKS, pursuant to Paragraph 8(c) of the SPA; accordingly, Plaintiff is estopped from asserting such claims.

### SECOND AFFIRMATIVE DEFENSE
### WAIVER AND ESTOPPEL

Plaintiff has waived its right to recover punitive damages, including lost profits, from BEYOND MASKS, pursuant to Paragraph 8(c) of the SPA; accordingly, Plaintiff is estopped from asserting such claims.

### THIRD AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CLAIM UPON WHICH
### RELIEF CAN BE GRANTED
### F.R.C.P. 12(b)(6)

Count IV of Plaintiff's complaint fails to state a cause of action for fraud. Its allegations of fraudulent conduct occurred subsequent to its remittance of the $585,500 deposit. Such allegations are inconsistent with and belie Plaintiff's allegation that it relied upon the Defendants' misrepresentations to its detriment. In fact, the Defendant's potential liability does not exceed the amount of said deposit as a matter of law. Furthermore, Plaintiff has failed to satisfy the heightened standard of pleading fraud pursuant to Federal Rule of Civil Procedure 9(e).

**DEMAND FOR JURY TRIAL**

Defendant, JASON MAY, hereby demands a trial by jury of all issues so triable as a matter of right herein.

Dated: August 10, 2021.

Respectfully Submitted,

By: /s/ James L. Weintraub
James L. Weintraub, Esquire
James L. Weintraub, P.A.
931 NW 9th Court
Boca Raton, FL  33486
Office: (561) 452-1233
Fax: (800) 878-7872
Email: jim@jlwpa.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed on August 10, 2021. Notice of this filing will be sent to all parties and their counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ James L. Weintraub
James L. Weintraub