UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| 9 KINGS HONG KONG LIMITED,<br><br> Plaintiff,<br><br>vs.<br><br>BEYOND MASKS, LLC,<br>SCHIMEON A. FREDERICK, JR., AND JASON MAY,<br><br> Defendants/Third-Party Plaintiffs,<br><br>vs.<br><br>UNIFORM ASSOCIATES INC.<br><br> Third-Party Defendant. | **CIVIL ACTION NO. 9:21-cv-81109-DMM**<br><br><br>**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO SUBSTITUTE PARTY** |

 Defendant/Third-Party Plaintiff, JASON MAY, and undersigned counsel, hereby file this Response in Opposition to Plaintiff's Motion to Substitute Party, pursuant to Federal Rule of Civil Procedure 25 and applicable case law, as follows:

 1. This matter is before the Court on the Plaintiff's Motion to Substitute Party (Doc. 116) ("DE 116").

 2. Pursuant to Rule 25(a)(1), Federal Rules of Civil Procedure, the Plaintiff seeks to substitute the Estate of Schimeon A. Frederick, Jr. for former Defendant, Schimeon A. Frederick, Jr. who died of a heart attack on February 3, 2022, and to order the Estate to appoint counsel to enter an appearance within two weeks therefrom.

 3. No estate has been opened for Mr. Frederick.

1

4. In addition, Mr. Frederick's family does not intend on opening an estate for Mr. Frederick because there does not appear to be any property to distribute.

5. Rule 25(a)(1) provides as follows:

> If a party dies and the claim is not distinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

6. In its Motion, the Plaintiff, without citation, and without an estate for the late Mr. Frederick being filed, claims that this Court has the legal authority to replace Mr. Frederick with "Estate of Schimeon A. Frederick, Jr." and to order that fictitious entity to appoint counsel to enter an appearance within two weeks.

7. A cursory review of Florida law reveals that this Court does not have any such authority. *See James Alexander Logan v. Captain A. P. Smith*, No. 3:07-cv-1156-J-JBT, 2016 WL 9115544 (M.D. Fla. February 8, 2016).

8. In this case, there is no dispute that upon Mr. Frederick's death, the claims against him were not extinguished. It is also not disputed that no estate has yet been opened for him and that his family does not intend on opening an estate for him.

9. Rule 25 permits the substitution of a "proper party." Fed. R. Civ. P. 25(a)(1). To determine who is a proper party, courts consider applicable state law. See *Hess v. Eddy*, abrogated on other grounds by *Wilson v. Garcia*, 471 U.S. 261 (1985). In Florida, a legal representative of a decedent is a proper party for substitution. *Boyer v. Boyer*, 182 So. 222, 223 (Fla. 1938). If a personal representative has been appointed to represent the interests of a decedent, then the personal representative is a proper party for substitution. *Metcalfe v. Lee*, 952 So. 2d 624, 630 (Fla. 4th DCA 2007); see *Schaeffler v. Deych*, 38 So. 3d 796, 800 (Fla. 4th DCA 2010).

Also, there may be circumstances in which a "successor" who is not the personal representative may be substituted. *See In re Baycol Products Litig.*, 616 F.3d 778, 784-85 (8th Cir. 2010).

10. If the Plaintiff wants to proceed with its claims against Mr. Frederick, he must petition for administration of Mr. Frederick's estate.

11. If a personal representative is appointed, Plaintiff may then file a motion to substitute that representative on behalf of Mr. Frederick's estate in this case.

12. Until then, the relief sought by the Plaintiff in its motion is completely inappropriate and unsupported by Florida law.

**WHEREFORE**, it is hereby respectfully requested that this Court denies the Plaintiff's Motion to Substitute Party.

Respectfully Submitted,

By: /s/ James L. Weintraub
James L. Weintraub, Esquire
James L. Weintraub, P.A.
931 NW 9th Court
Boca Raton, FL  33486
Office: (561) 452-1233
Fax: (800) 878-7872
Email: jim@jlwpa.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2022, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court CM/ECF system, on all counsel registered to received electronic notices and caused copies of the aforementioned document to be served via first class mail, postage prepaid upon any non-CM/ECF participants.

By:   /s/ James L. Weintraub
      James L. Weintraub