IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| 9 KINGS HONG KONG LIMITED,<br><br>    *Plaintiff*,<br><br>v.<br><br>BEYOND MASKS, LLC,<br>SCHIMEON A. FREDERICK, JR., and<br>JASON MAY,<br><br>    *Defendants*. | Civil Action No. 9:21-cv-81109-DMM |

## MOTION TO SUBSTITUTE PARTY

Plaintiff 9 Kings Hong Kong Limited ("9 Kings" or "Plaintiff"), by its undersigned counsel, respectfully asks the Court, pursuant to Rule 25, to order the Estate of Schimeon A. Frederick, Jr. to appear as a Defendant in place of current Defendant Schimeon A. Frederick, Jr. ("Mr. Frederick") by May 10, 2022, or face default judgment. Additionally, Plaintiff respectfully requests that the Court order a status conference to resolve the issue speedily so the parties can be ready for the scheduled trial in May.

### BACKGROUND

This case was originally set for trial in February 2022. After Defendant Schimeon A. Frederick, Jr. died on February 3, the Court granted a 90-day continuance "to afford Mr. Frederick's family time to open an estate and substitute the estate as a defendant in this action."[1]

---

[1] Rule 25 requires that a motion to substitute be "made within 90 days after service of a statement noting the death," which was February 4. To avoid any confusion, Plaintiff notes that the 90-day deadline established in the February 9 order was not for the filing of a motion to substitute, but instead "to afford Mr. Frederick's family time to open an estate and substitute the estate as a defendant in this action." (DE 110 at 1.) That 90-day period runs from February 9, and ends on May 10.

1

18959305.1

(DE 110 at 1.) The Court made clear that the 90-day continuance was intended to provide "a reasonable amount of time to allow for the opening of Mr. Frederick's estate, for the appointment of a personal representative and for the estate to retain counsel, and for the estate to prepare to defend this action should it so choose to proceed in that fashion." *Id*. at 2. The Court rescheduled the trial for the two-week trial period commencing May 23, 2022, and made clear that it had "no intention of granting any further or additional continuances absent extraordinary circumstances and a showing of good cause supported by specific facts." *Id*.

Plaintiff has made diligent efforts to work with Mr. Fredrick's counsel, James Weintraub, and Mr. Fredrick's wife, Tiffany Passmore, to resolve this issue. After the Court denied without prejudice the Plaintiff's Motion for Substitution, citing Local Rule 7.1(a)(3)'s conferral requirement, Plaintiff's counsel left Attorney Weintraub a telephone voicemail on April 5, 2022; spoke with Weintraub by telephone on April 6, 2022; and emailed him about the motion to substitute and/or about contacting Ms. Passmore on five separate dates (April 5, April 6, April 7, April 8, and April 13). *See* **Exhibit 1**, Declaration of Laura Lee Barry Wommack ¶¶ 7, 10, at 2-3. Plaintiff's counsel also sent three letters to Ms. Passmore via Federal Express. *See id.* ¶ 4, at 1. The only response Plaintiff's counsel received from Ms. Passmore was through Attorney Weintraub, who conveyed that Ms. Passmore was not interested in opening and estate and was unwilling to speak with Plaintiff's counsel. *See id.* ¶ 10(h), at 3. Having made reasonable efforts to resolve this issue pursuant to the Court's Order and Local Rule 7.1, Plaintiff respectfully resubmits its Motion to Substitute.

## ARGUMENT

Rule 25 provides for the substitution of a new party upon an existing party's death. "A motion for substitution may be made by any party or by the decedent's successor or

representative." Fed. R. Civ. P. 25(a)(1). The Court's February 9 Order provided 90 days "to allow for the opening of Mr. Frederick's estate, for the appointment of a personal representative and for the estate to retain counsel, and for the estate to prepare to defend this action should it so choose to proceed in that fashion." (DE 110 at 2.) If an estate is not opened and substituted as a party in this case, Plaintiff may lose its fraud claim against Mr. Frederick, who admitted in sworn deposition testimony to retaining money he knew belonged to Plaintiff. *See* Deposition Transcript of Schimeon A. Frederick, Jr. (taken December 16, 2021) at 59:2-12 (Mr. Frederick answers "yes" when asked whether he and Defendant Jason May decided to keep $40,000 they knew belonged to 9 Kings), attached hereto as **Exhibit 2**.

The Court made clear in its February 9 order that it expected Mr. Frederick's family to open the estate. *See* DE 110 at 1 ("Defendants argue, and I agree, that a continuance is necessary to afford *Mr. Frederick's family* time to open an estate and substitute the estate as a defendant in this action.") (emphasis added). The Court gave Mr. Frederick's family 90 days to do so, and that window is about to close with no sign that Ms. Passmore, Attorney Weintraub, or anyone else is going to open an estate. The Court should order that action be taken now to ensure that its May 10 deadline is met.

It would not be fair or reasonable to expect Plaintiff to open Mr. Fredrick's estate. When Attorney Weintraub confirmed that Ms. Passmore would not be cooperating, Plaintiff contacted Florida probate attorneys to get a sense of the burden of opening an estate, and was advised that opening an estate with an uncooperative surviving spouse could cost upwards of $10,000. *See* **Exhibit 1**, Declaration of Laura Lee Barry Wommack ¶ 11, at 4. Plaintiff was further advised that opening an estate as a potential creditor, with an uncooperative surviving spouse, would take "months, not weeks," whereas an estate could be opened much faster by the surviving spouse.

18959305.1

*See id*. To keep this case on track for trial in May, as the Court's February order contemplates, Ms. Passmore should be directed to open an estate now. *See* Fed. R. Civ. P. 1 (the federal rules, including Rule 25, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

## CONCLUSION

Plaintiff respectfully requests that this Court order Ms. Passmore to open an estate for her late husband, Mr. Frederick, as contemplated in its February 9 order, and direct the estate to either enter an appearance by May 10 or face default judgment. In the alternative, the Court should order such relief as it deems appropriate to protect Plaintiff's right to a just and speedy trial before the assets it seeks to recover have disappeared. Plaintiff further respectfully requests that the Court hold a status conference in the interim to resolve the issue speedily so the parties can be ready for the scheduled trial in May.

## CERTIFICATE OF CONFERRAL

Counsel for the moving party has made reasonable efforts to confer with the non-moving parties in a good faith effort to resolve the issues in this motion and was unable to do so. Further, counsel for moving party made reasonable efforts to confer with Tiffany Passmore, wife of deceased defendant Schimeon A. Frederick, Jr., on April 7, April 11, and April 13, by sending letters via Federal Express with contact information as detailed in the Declaration of Laura Lee Barry Wommack ¶ 4, at 1-2. Counsel was unable to get a response from Ms. Passmore. Declaration of Laura Lee Barry Wommack ¶ 5, at 2.

18959305.1

Dated: April 27, 2022

/s/ Gregory P. Hansel
Gregory P. Hansel
Fla. Bar No. 607101
Timothy J. Bryant (admitted *pro hac vice*)
PRETI, FLAHERTY, BELIVEAU &
PACHIOS, CHARTERED, LLP
One City Center, PO Box 9546
Portland, Maine 04112
Telephone: 207.791.3000
ghansel@preti.com
tbryant@preti.com

5

18959305.1